1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

CURTIS C. HARDY,

           Plaintiff,

   v.

RONALD POWELL,

          Defendant.
_____/

CASE NO. 1:10-cv-01271-LJO-SKO

**FINDINGS AND RECOMMENDATIONS
THAT PLAINTIFF'S COMPLAINT BE
DISMISSED WITHOUT PREJUDICE**

(Doc. 1)

**OBJECTIONS DUE: 30 DAYS**

     Plaintiff Curtis Hardy is a state prisoner proceeding pro se and in forma pauperis in this civil

rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on July 16, 2010.  Plaintiff

alleges that his attorney and the judge who presided over his criminal case forced him to accept a

plea bargain for a crime he did not commit.  Plaintiff also asserts that the defendant, Ronald Powell

("Defendant"), refused to prepare a legitimate defense in his criminal case.  Plaintiff further contends

that, although he was eventually coerced by Defendant into accepting a four-year plea bargain, the

presiding judge ultimately sentenced him to sixteen years in state prison.  Plaintiff avers that the

conduct of his attorney and the judge in his criminal case violated his right to due process under the

Fifth Amendment.  Plaintiff is seeking an order requiring a federal criminal investigation of the

1   Defendant's conduct and an award of monetary damages in the amount of ten million dollars.

2   The Court is required to screen complaints brought by prisoners seeking relief against a

3   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

4   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

7   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

10   When a prisoner challenges the legality or duration of his custody, or raises a constitutional

11   challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas

12   corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78-82, 125 S.Ct. 1242, 1245-48 (2005); *Preiser v.*

13   *Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841 (1973). Moreover, when seeking relief for an

14   allegedly unconstitutional conviction or imprisonment, "a [Section] 1983 plaintiff must prove that

15   the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

16   invalid by a state tribunal authorized to make such determination, or called into question by a federal

17   court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477,

18   486-87, 114 S.Ct. 2364, 2372 (1994). "A claim . . . bearing that relationship to a conviction or

19   sentence that has not been so invalidated is not cognizable under [Section] 1983." *Id*. at 487, 114

20   S.Ct. at 2372.

21   At this time, Plaintiff may not bring a *civil rights action* related to the legality of his

22   criminal conviction or the length of his sentence. Plaintiff's sole remedy is to file a petition for

23   *writ of habeas corpus*. The Court notes that a petitioner who is in state custody and wishes to

24   challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state

25   judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the

26   state court and gives the state court the initial opportunity to correct the state's alleged

27   constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*,

28   455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

1    Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without

2    prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under

3    section 1983.  Plaintiff cannot cure the above deficiencies, and leave to amend would be futile.

4    These findings and recommendations will be submitted to the Honorable Lawrence J.

5    O'Neill, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being

6    served with these Findings and Recommendations, Plaintiff may file written objections with the

7    Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

8    Recommendations."  Plaintiff is advised that failure to file objections within the specified time

9    may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

10   1991).

11

12   IT IS SO ORDERED.

13   **Dated:    September 1, 2010                            /s/ Sheila K. Oberto             **
                                              UNITED STATES MAGISTRATE JUDGE

3